UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANKLIN D. SCHAFER, Individually and as
A Member of a Proposed Class,                           **DECISION AND ORDER**

                              Plaintiff,          12-CV-00040-RJA-JJM

v.

JOHN FRANCIS COYNE,
ELIZABETH R. DONATELLO,
JACQUELINE FAITH COLLARD,
DEBORAH STEVENSON, and
JOHN AND JANE DOE,
                              Defendants.
_____

        Before me is the motion of defendants John Francis Coyne and Jacqueline Collard (collectively, the "medical defendants") to dismiss the Complaint pursuant to Fed. R. Civ. P. ("Rules") 12(b)(6) and (b)(1) [10], [1] and the motion of defendants Elizabeth Donatello and Deborah Stevenson (collectively, the "County defendants") to dismiss the Complaint pursuant to Rules 12(b)(6) and (b)(1), or in the alternative for summary judgment pursuant to Rule 56 [12]. The parties have consented to have me decide these motions pursuant to 28 U.S.C. §636(c) [25].[2] Oral argument was held on November 17, 2016 [19]. At that time, I converted those portions of the motions seeking Rule 12(b)(6) relief to Rule 56 motions for summary judgment pursuant to Rule 12(d), and gave the parties the opportunity to file additional submissions based upon the conversion and letter briefs addressing additional authority cited by the medical defendants at the

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     28 U.S.C. §636(c) provides that a Magistrate Judge may conduct "*any* or all proceedings in a jury or nonjury civil matter" with the consent of the parties (emphasis added). This 'includes 'partial' or 'limited' consent to have a Magistrate Judge decide dispositive motions within a case, without disposing of the entire case." Barron v. PGA Tour, Inc., 670 F. Supp. 2d 674, 677 n. 2 (W.D. Tenn. 2009).

oral argument. November 17, 2016 Text Order [22]. A letter brief was submitted by the medical defendants [23], but no other materials were filed.

For the following reasons, the motions are granted to the extent they seek dismissal based upon lack of subject matter jurisdiction.

## BACKGROUND

On January 22, 2009 defendant was indicted on two counts of predatory sexual assault against a child, sex abuse in the first degree, and two counts of endangering the welfare of a child. [12-7], p. 23 of 29. As part of the criminal investigation, the minor victims were interviewed by defendant Donatello, an Assistant Niagara County District Attorney, on January 16, 2009 at the Child Advocacy Center ("CAC"). Donatello Affidavit [12-6], ¶¶8-20. Defendant Stevenson, a caseworker with Niagara County Protective Services, and Richard Kline, a New York State Police Investigator, observed the interviews, which were not videotaped. Id., ¶¶7, 10. Defendant Donatello also conducted a second interview with the minors that was videotaped for presentment to the grand jury. Id., ¶27.

Plaintiff alleges that following these interviews, defendant Collard, a Sexual Abuse Nurse Evaluator with the CAC, examined the minors and found "no physical evidence of sexual abuse". Complaint [1], ¶¶12, 64. That report was then allegedly approved by defendant Coyne, the medical director of the CAC. Id., ¶¶10, 64.

At plaintiff's June 2009 criminal trial in Niagara County Court, the reliability of the interviews conducted of the minors was heavily contested. Both minors testified at trial, and were subjected to cross-examination. Id., ¶14; minors' testimony [12-8 – 12-10]. Defendant Stevenson and Investigator Kline also testified at trial that the initial interview of the minors was proper and not leading. Id., ¶17; defendant Stevenson's trial testimony [12-5], pp. 25-27 of 44;

Kline's trial testimony [12-11], p. 8 of 53.  As part of plaintiff's defense at trial, he presented testimony from his expert, Charles Ewing, Ph.D., who testified that the initial interview deviated from accepted practice since it was by neither videotaped nor conducted by a neutral party. Ewing's trial testimony [12-13], p. 3 of 35.

Plaintiff was convicted by the jury on June 18, 2009 of all charges except one count of predatory sexual assault against a child (verdict sheet [12-13], p. 35 of 35), and was later sentenced to an indeterminate term of 20 years to life in prison.  Sentencing transcript [12-15], pp. 2-12 of 20.  His conviction was later affirmed on appeal.  See People v. Schafer, 81 A.D.3d 1361, 1362 (4th Dep't. 2011), lv. denied, 17 N.Y.3d 861 (2011).

Plaintiff also challenged his conviction by filing a petition for a writ of habeas corpus in May 2012, arguing, *inter alia*, that he was denied "his federal constitutional right to confront witnesses by the use of hearsay evidence against him".  See Schafer v. LaVallee, 12-cv-00419(MAT), Petition [1], p. 8 of 14, Ground Three.[3]  As support for that ground of his habeas petition, plaintiff alleged – as he does in this action - that the prosecutor "conducted two suggestive questioning sessions with the accusers prior to a medical exam in violation of professional norms, standards and practices that interviews with children be conducted by neutral, non-partisan, specially trained interviewers to minimize the possibility of false results. The medical exam produced no evidence supporting the accusations against petitioner beyond serving as a mere rehash of the suggestive questioning".  Id.  Although plaintiff states in his Complaint that he "expects to be exonerated" as a result of his habeas petition, that petition has since been denied.  See Judge Telesca's September 17, 2013 Decision and Order, 12-cv-00418, [24].

---

[3]  Plaintiff filed an initial habeas petition in December 2011, but it was dismissed, without prejudice, at his request.  See Schafer v. Chappius, et al., 11-cv-01089(RJA) [9].

Plaintiff commenced this action in January 2012 pursuant to 42 U.S.C. §§1983, 1985(3), and 1986, alleging that his "wrongful conviction was the result of misconduct by the Defendants". Complaint [1], ¶1. He seeks class action certification under Rule 23 for a class of "similarly aggrieved victims". Id., ¶5. His six causes of action center on the interviews of the minors that occurred during the criminal investigation. Specifically, he alleges 1) that defendant Donatello's "constitutionally deficient interviews of the child accusers" subjected him to an unlawful arrest without probable cause and an unreasonable search and seizure, in violation of the Fourth Amendment (Complaint [1], Count one), and violated plaintiff's "right to procedural and substantive due process . . . by causing Plaintiff's deprivation of liberty and incarceration", in violation of the Fifth and Fourteenth Amendments (id., Count two); 2) that defendants Donatello, Coyne and Collard conspired to violate plaintiff's constitutional rights, in violation of 42 U.S.C. §1985(3) (id., Count three); that the medical defendants were negligent and/or grossly negligent "[b]y failing to determine to what extent the accusations against Plaintiff emerged as the result of improper questioning by Defendant Donatello on two occasions prior to the medical exam" (id., Count four); and 4) that defendant Stevenson violated 42 U.S.C. §1986, "[b]y not insisting that the constitutionally deficient interviews conducted by Defendant Donatello . . . be videotaped per CAC protocols". Id., Counts five and six.

In lieu of answering the Complaint, defendants have moved to dismiss the Complaint by arguing, *inter alia*, that this court lacks subject matter jurisdiction over plaintiff's claims pursuant to the Rooker-Feldman doctrine,[4] and in the alternative that plaintiff's claims lack merit or otherwise fail to state a cause of action. Medical defendants' Memorandum of Law [10-4]; County defendants' Memorandum of Law [12-17]. While plaintiff's counsel submitted

---

[4] This doctrine is derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

an Affidavit with attached exhibits [13] in opposition to defendants' motions, it does not mention any case law or legal authority whatsoever, let alone discuss the specific arguments raised by defendants in support of dismissal.[5]

## ANALYSIS

**A.     Defendants' Rule 12(b)(1) Motions**

### 1.     The Rule 12(b)(1) Standard

"In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id.

### 2.     The Rooker-Feldman Doctrine

The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments". Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 281 (2005). "Because the Rooker–Feldman doctrine affects the threshold issue of the district court's subject matter jurisdiction", I have addressed that issue before proceeding to defendants' other arguments. Mitchell v. Fishbein, 377 F.3d 157, 165 (2d Cir. 2004). "[I]n order to satisfy the requirements of Rooker-Feldman, the defendant must satisfy the following four requirements: First, the federal-

---

[5] L.R. Civ. P. 7(a)(2)(A) requires that a motion pursuant to Rule 12 or 56 be supported and opposed by a memorandum of law, failing which it "may constitute grounds for resolving the motion against the non-complying party". Although not argued by defendants, the Attorney Affidavit [13] submitted by plaintiff does not satisfy this obligation.

court plaintiff must have lost in state court.  Second, the plaintiff must complain of injuries caused by a state-court judgment.  Third, the plaintiff must invite district court review and rejection of that judgment.  Fourth, the state-court judgment must have been rendered before the district court proceedings commenced." Sykes v. Mel S. Harris & Associates LLC, 780 F.3d 70, 94 (2d Cir. 2015).

In support of their motions, defendants persuasively argue that each of these factors are satisfied. *See* Medical defendants' Memorandum of Law [10-4], pp. 15-19; County defendants' Memorandum of Law [12-17], pp. 3-6.  Although plaintiff, through counsel, opposes defendants' motions, he makes no attempt to contest the applicability of the Rooker-Feldman doctrine.  Since plaintiff makes no attempt to contest the applicability of the Rooker-Feldman doctrine in his opposition to the motions [13], despite being represented by counsel and having two opportunities to do so, I conclude that he has conceded that subject matter jurisdiction is lacking over the action under the Rooker-Feldman doctrine. *See* M.M. ex rel. J.M. v. N.Y. City Department of Education, 2010 WL 2985477, *6 (S.D.N.Y. 2010) ("[p]laintiffs bear the burden of proving that the Court has subject matter jurisdiction . . . . By standing mute in the face of the [defendant's] jurisdictional challenge, Plaintiffs effectively concede that they cannot carry their burden and that the Court lacks subject matter jurisdiction over the claims against the [defendant]"). *See also* Jackson v. Federal Express, 766 F.3d 189, 197-98 (2d Cir. 2014) ("[w]here a partial response to a motion is made - *i.e*., referencing some claims or defenses but not others . . . . in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned"); United States Securities and Exchange Commission v. Syron, 934 F. Supp.2d 609,

631 (S.D.N.Y. 2013) ("a plaintiff who does not respond to a point raised by a defendant on a motion to dismiss concedes that point through silence").

Even if plaintiff had addressed defendants' reliance on the Rooker-Feldman doctrine, I would have still concluded that subject matter jurisdiction is lacking under that doctrine. Since there can be no dispute that plaintiff was convicted, that he complains of injuries caused by that conviction, and that his conviction preceded this action, the applicability of the doctrine turns on the third requirement, namely whether plaintiff's action invites review and rejection of his conviction. While the Complaint does not expressly seek a reversal of his state court conviction, plaintiff plainly alleges that he was wrongly convicted because of defendants' conduct. *See* Complaint [1], ¶1. By attacking the alleged improprieties that led to his conviction, plaintiff is inviting this court to review and reject his conviction. Indeed, he raised these very same arguments in his habeas petition – a direct challenge to his conviction. *See* Read v. Zugibe, 2011 WL 1642049, *1 (S.D.N.Y. 2011) (where the plaintiff alleged that "his conviction was procured through perjury and the falsification of documents by the police and prosecutors", the court held that jurisdiction over the action was lacking under the Rooker-Feldman doctrine).

Therefore, defendants' motions are granted to the extent they rely on the Rooker-Feldman doctrine, and this case is dismissed for lack of subject matter jurisdiction. However, even if subject matter jurisdiction existed, I would, for the reasons set forth below, grant defendants' motions for summary judgment.

B.  **Defendants' Summary Judgment Motions**

    1.  **Summary Judgment Standard**

"The standards governing summary judgment are well settled.  Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non movant.  Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non moving party." Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).  With these principles in mind, I will address each of plaintiff's claims.

    2.  **Count one:  42 U.S.C. §1983 - False Arrest and Unlawful Search and Seizure**

As argued by the County defendants ([12-17], pp. 10-11) – and undisputed by plaintiff – probable cause is a complete defense to plaintiff's false arrest claim and his "prosecution and conviction . . . is conclusive evidence that an arrest was supported by the requisite probable cause". Duamutef v. Morris, 956 F. Supp. 1112, 1117 (S.D.N.Y. 1997). *See* Cameron v. Fogarty, 806 F.2d 380, 388–89 (2d Cir. 1986) ("where law enforcement officers have made an arrest, the resulting conviction is a defense to a §1983 action asserting that the arrest was made without probable cause").

To the extent that plaintiff's claim also asserts a Fourth Amendment violation arising from an unidentified allegedly unreasonable search and seizure, that claim likewise fails.

The County defendants point to the Voluntary Consent to Search Certain Premises ([12-7], p. 8 of 29) that plaintiff signed on January 21, 2009 for his residence. In response, plaintiff fails to dispute the authenticity of that consent or that it was knowingly and voluntarily given. Nor does he point to a different search as being the subject of the allegations of his Complaint. Therefore, I would grant this portion of the County defendants' motion.

### 3. Count two: 42 U.S.C. §1983 - Procedural and Substantive Due Process

To prevail on a procedural due process claim "the plaintiff must show that [she] possessed a protected liberty or property interest, and that [s]he was deprived of that interest without due process". McMenemy v. City of Rochester, 241 F.3d 279, 286 (2d Cir. 2001). Plaintiff fails to offer any factual or legal opposition to defendants' argument that since he was afforded a full and fair trial on the merits prior to his incarceration, he was not deprived of his liberty without procedural due process. County defendants' Memorandum of Law [12-17], pp. 15-16. Therefore, I would grant this portion of the County defendants' motion.

Plaintiff's substantive due process claims also fails. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994). As argued by the County defendants, and undisputed by plaintiff, his claims fall within other protections. See Jackson ex rel. Jackson v. Suffolk County, 87 F. Supp.3d 386, 399 (E.D.N.Y. 2015) ("Because the Fourth Amendment provides the source for a claim under Section 1983 premised upon an allegedly false arrest . . . plaintiffs cannot state a substantive due process claim against defendants based on such conduct").

Additionally, as the County defendants argue, and again not disputed by plaintiff, Counts one and two are subject to dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). County defendants' Memorandum of Law [12-17], pp. 11-12. Heck prohibits a prisoner in state custody from using "a §1983 action to challenge the fact or duration of his confinement". Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). This doctrine applies when a 1983 claim lies "within the core of habeas corpus". McKithen v. Brown, 481 F.3d 89, 99 (2d Cir. 2007). In other words, "a prisoner's victory in a §1983 suit would necessarily demonstrate the invalidity of his conviction or sentence". Id. at 102 (emphasis omitted). For the same reasons discussed above as to why the Rooker-Feldman doctrine applies, I would also conclude that Counts one and two are barred by Heck. *See* Read, 2011 WL 1642049, *2.

### 4. Count three: 42 U.S.C. §1985(3) - Conspiracy

As argued by defendants (medical defendants' Memorandum of Law [10-4], pp. 4-7; County defendants' Memorandum of Law [12-17], pp. 18-21), a conspiracy under 42 U.S.C. §1985(3) must be "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus". Dolan v. Connolly, 794 F.3d 290, 296 (2d Cir. 2015). Although "Section 1985(3) covers classes beyond race", it "unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the §1985(3) defendant disfavors". Id. While the Complaint seeks class action certification of a class of "similarly aggrieved victims" ([1], ¶5), plaintiff does not offer any factual or legal opposition to defendants' argument that the Complaint fails to allege that the conspiracy was motivated by some class-based, invidiously discriminatory animus. Therefore, I would grant this portion of the defendants' motions.

5.   **Count six:  42 U.S.C. §1986**

The County defendants argue that this claim is barred by the statute of limitations. County defendants' Memorandum of Law [12-17], p. 22.   I agree.  "For actions brought pursuant to Section 1986, one year is the applicable limitations period.   A claim accrues when the plaintiff knows or has reason to know of her injury."  Paige v. Police Department of City of Schenectady, 121 F. Supp. 2d 723, 726 (N.D.N.Y. 2000), aff'd, 264 F.3d 197 (2d Cir. 2001). This claim, which centers on the January 2009 interview, accrued by no later than the June 2009 trial, when the circumstances of the interview were fully explored.   Yet, this action was not commenced until January 2012 - approximately two and a half years later.  Therefore, I would dismiss this portion of the County defendants' motion.

6.   **Counts four and five: Common Law Negligence**

Where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie–Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988).  *See* Oneida Indian Nation of New York v. Madison County, 665 F.3d 408, 437 (2d Cir. 2011) ("we have repeatedly said that if a plaintiff's federal claims are dismissed before trial, 'the state law claims should be dismissed as well"); 28 U.S.C. §1367(c)(3).   For those reasons, I would decline to exercise supplemental jurisdiction over these claims and dismiss them, without prejudice to being brought in state court.

## CONCLUSION

For these reasons, defendants' motions [10, 12] are granted to the extent they rely on the Rooker-Feldman doctrine, and this case is dismissed for lack of subject matter jurisdiction. The Clerk of Court shall take all steps necessary to close the case.

SO ORDERED.

Dated: March 14, 2017

                                                    _____
                                                    Jeremiah J. McCarthy
                                                    United States Magistrate Judge